IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff/Appellee,

v.                                      No. 24-PO-0297 KG

OMAR N. I. SHEHADA,

      Defendant/Appellant.

<u>MEMORANDUM OPINION AND ORDER</u>

This matter is before the Court on Appellant Omar Shehada's Notice of Appeal (Doc. 10) and associated briefs (Docs. 22, 25-27) challenging the Magistrate Judge's ruling in this misdemeanor illegal entry case. Appellant seeks to set aside his guilty plea based on ineffective assistance by counsel. Alternatively, he argues a six-month sentence is excessive based on certain mitigating factors. Having considered the record, relevant law, and the United States' opposition response (Doc. 24), the Court will affirm the judgment.

*I. Background*

On August 12, 2024, Appellant was arrested and charged with illegal entry by a noncitizen in violation of 8 U.S.C. § 1325(a)(1). (Doc. 1). A Border Patrol agent was alerted by remote video surveillance that individuals crossed the international border of the United States and the Republic of Mexico. The arrest report reflects that when the uniformed Border Patrol agent encountered the individuals near Sunland Park, New Mexico, Appellant "sprung to his feet and fled north[,] attempting to evade arrest." (Doc. 22-3) at 3. The agent pulled in front of Appellant with his vehicle, which temporarily halted the pursuit. *Id.* However, when the agent

exited his vehicle, Appellant again fled. *Id.* The agent eventually tackled Appellant and placed him in handcuffs while he resisted the arrest. *Id.*

During the custodial interview, the Border Patrol agent employed a translator who speaks Arabic. (Doc. 22-3) at 3. Appellant, who is Palestinian, expressed a fear of returning to his home country and an intention to apply for asylum. *Id.* at 4. Appellant's wife and children are United States citizens. The arrest report reflects that Appellant has no prior criminal or positive immigration history. *Id.* at 3. However, it also reflects that "Field processing [was] performed under event STN2408000904," which "showed that [Appellant] was active on the terrorist watch list as a possible terrorist or for having terrorist affiliations." *Id.*

The United States filed a Complaint on August 14, 2024, which states Appellant is a citizen of Israel. (Doc. 1). On August 21, 2024, Appellant pled guilty during the initial appearance to a violation of 8 U.S.C. § 1325(a)(1). Before accepting the plea, the Magistrate Judge (Hon. Kevin Sweazea) advised Appellant that he has the right to proceed to trial; the maximum sentence is six months; and a guilty plea will likely cause immigration consequences, including deportation and the denial of citizenship. (Doc. 24-2) at 6-9. Appellant, through an Arabic translator, stated he understood the consequences; was satisfied with his attorney; and wished to enter a guilty plea. *Id.* at 9-10.

The United States sought a six-month sentence, noting Appellant fled and resisted arrest. *Id.* at 13. Appellant's Plea Counsel (Carlos Ibarra) sought a time-served sentence. Plea Counsel noted Appellant: (1) has significant family ties to the United States; (2) "was fleeing the situation that was so bad at home;" (3) makes a credible fear claim; and (4) has no criminal history in the

United States. *Id.* at 13-15. By a Judgment entered August 27, 2024, the Magistrate Judge sentenced Appellant to six months imprisonment. (Doc. 7).

Appellant filed a timely Notice of Appeal. The United States filed its opposition Response (Doc. 24); Appellant replied (Doc. 27); and the matter is ready for review.

*II. Standard of Review*

"A defendant may appeal a magistrate judge's judgment of conviction or sentence to a district judge within 14 days of its entry." Fed. R. Crim. P. 58(g)(2)(B). "The defendant is not entitled to a trial de novo by a district judge. The scope of the appeal is the same as in an appeal to the court of appeals from a judgment entered by a district judge." Fed. R. Crim. P. 58(g)(2)(D). The district judge may grant relief if "the sentence ... was imposed for an offense for which there is no sentencing guideline and is plainly unreasonable." 18 U.S.C. § 3742(a)(4)

Courts "review sentences for reasonableness under a deferential abuse of discretion standard." *United States v. Haley*, 529 F.3d 1308, 1311 (10th Cir. 2008). "A sentence is substantively unreasonable if the length of the sentence is unreasonable given the totality of the circumstances in light of the 18 U.S.C. § 3553(a) [sentencing] factors." *Id.* "A sentence is procedurally unreasonable if the [sentencing] court incorrectly ... fails to consider the [statutory sentencing] factors, relies on clearly erroneous facts, or inadequately explains the sentence." *Id.*

*II. Discussion*

*A. Appellant's Request to Vacate the Guilty Plea*

Appellant argues his guilty plea and sentence are attributable to ineffective assistance by counsel. An appellant "must generally raise claims of ineffective assistance of counsel in a collateral proceeding [under 28 U.S.C. § 2255], not on direct review." *United States v. Porter*,

3

405 F.3d 1136, 1144 (10th Cir. 2005). It is not clear from the caselaw whether the general rule applies to appeals of a Magistrate Judge's sentence under Fed. R. Civ. P. 58. The Court need not resolve this uncertainty because, even assuming Appellant's arguments can be considered, he has not satisfied either prong of *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

To demonstrate a Sixth Amendment violation under *Strickland*, the movant must show: (1) counsel's performance was deficient and (2) such performance prejudiced the defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). Deficient performance involves "serious errors" that violate "prevailing professional norms." *United States v. Haddock*, 12 F.3d 950, 955 (10th Cir. 1993) (quoting *Strickland*, 466 U.S. at 688, 694). To demonstrate prejudice in the plea context, a petitioner must show "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

Appellant first argues Plea Counsel failed to challenge alleged errors in the Complaint. One section of the Complaint correctly lists the date of illegal entry as August 12, 2024, and a later section incorrectly lists the violation date as Appellant's date of birth (*i.e.*, a 1989 date). (Doc. 1); *see also* (Doc. 24-1) at 4 (listing Appellant's date of birth). The Complaint also lists Appellant's country of origin as Israel, rather than Palestine. The undisputed facts show Appellant violated 8 U.S.C. § 1325(a)(1) - notwithstanding his argument that he intended to enter through a legal port - and Appellant has not established that contesting alleged errors in the Complaint would have changed the result in this case. To the extent Appellant contends any errors in the Complaint may prejudice a later claim for asylum, this argument is too speculative to satisfy the requirements of *Strickland. See Boyle v. McKune,* 544 F.3d 1132, 1140 (10th Cir.

2008) ("speculative assertions … are clearly insufficient to carry [the appellant's] burden of proving prejudice").

Appellant also argues Plea Counsel failed to discover and raise viable defenses to the charge. Appellant contends he did not intend to enter the United States illegally (*i.e.,* free from restraint). He further contends he intended to seek asylum at the Santa Teresa port of entry; received the wrong directions; and resisted arrest based on his prior fear of Israeli police. As the United States points out, there are no Tenth Circuit cases definitively stating that entry under 8 U.S.C. § 1325(a)(1) requires an intent to be free from official restraint. Appellant cites *United States v. Gaspar-Miguel,* 947 F.3d 632, 634 (10th Cir. 2020), which merely rejects the appellant's argument that he entered legally (*i.e.,* under official restraint) because Border Patrol agents were conducting continuous surveillance of the area.

Given the lack of authority favoring Appellant's theory and his decision to flee/resist arrest, the Court cannot disturb Plea Counsel's decision not to pursue an argument that Appellant intended to enter the country legally. *See Bullock v. Carver,* 297 F.3d 1036, 1046 (10th Cir. 2002) (courts should apply a presumption that "an attorney's challenged conduct might have been part of a sound [litigation] strategy"). The Court also finds no deficient performance or prejudice based on the discovery/presentation of Appellant's mitigating evidence. As noted above, Plea Counsel stated Appellant was fleeing his home country in fear, intended to seek asylum, and had strong family ties to the United States. While Appellant's new counsel paints a more detailed picture of his circumstances, she has not pointed to information that definitively negates any elements of the crime. *Cf Posa v. United States,* 2017 WL 8800980, at *5 (11th Cir. 2017) (rejecting "meritless" argument that counsel failed "to advocate for jury nullification").

5

Finally, Appellant argues Plea Counsel failed to adequately explain the consequences of the plea. This argument is unavailing, based on the plea colloquy. The Magistrate Judge confirmed Appellant understood the Arabic translator and that there are no physical or mental conditions that make it difficult to understand the proceeding. (Doc. 24-2) at 3. The Magistrate Judge further explained Appellant has the right to proceed to trial;[1] the maximum sentence is six months incarceration; and that Appellant "would likely suffer immigration consequences" including "the denial of citizenship" and "admission to the United States in the future." *Id.* at 3-8. Appellant indicated he understood those consequences; understood the elements of the crime; was satisfied with counsel; and wished to plead guilty because he in fact committed the crime. *Id.* at 5-11. The record reflects the guilty plea "represent[ed] a voluntary and intelligent choice among the alternative courses of action open to the" Appellant. *Tovar Mendoza v. Hatch*, 620 F.3d 1261, 1269 (10th Cir. 2010) (addressing ineffective assistance of plea counsel).

For all of these reasons, Appellant's arguments fail to establish "[P]lea [C]ounsel's advice was below 'the range of competence demanded of attorneys in criminal cases" or that such advice caused prejudice. *United States v. Spaeth*, 69 F.4th 1190, 1211 (10th Cir. 2023). The Court denies the appeal as it relates to ineffective assistance of counsel and/or an involuntary plea.

---

[1] In the final Reply Brief (Doc. 27), Appellant argues the Magistrate Judge improperly specified the trial would take place in front of a "judge," rather than a district judge. Courts do not consider arguments that are raised for the first time in a reply. *See United States v. Leffler*, 942 F.3d 1192, 1197 (10th Cir. 2019) ("we generally do not consider arguments made for the first time on appeal in an appellant's reply brief and deem those arguments waived."). Even if the argument is not waived, Appellant cannot show this changed the outcome in this case, given that he appeared before a Magistrate Judge and indicated his intention to enter a plea and proceed to sentencing before that judge.

### B. *Appellant's Request to Reduce the Sentence*

Alternatively, Appellant argues the sentence is unreasonable based on his mitigating factors. He contends the Magistrate Judge failed to adequately consider that he fled from Palestine during a humanitarian crisis. Appellant also contends he experienced trauma from prior abusive police practices and that he took steps to seek obtain asylum prior to entering the United States.

These general factors were presented to the Magistrate Judge at sentencing. As noted above, Plea Counsel sought a time-served sentence based on Appellant's credible fear claim, intention to seek asylum, and strong family ties. (Doc. 24-2) at 14-15. Appellant also made his own statement at sentencing that he "fear[s] the persecution" in his home country and that "[g]oing back will be a danger." *Id.* at 16. Appellant's arguments were balanced against his decision to flee/resist arrest and the fact that "field processing … show[ed] that he was active on the terrorist watch list." *Id.* at 13. The Magistrate Judge determined a six-month sentence was appropriate, "based on the information that [he has]." *Id.* Appellant has not established the length of the sentence is unreasonable, given the totality of mitigating and aggravating factors in this case.

Appellant also argues the Magistrate Judge erroneously relied on the prosecutor's comment regarding the terrorist watch list. Appellant denies that he is on such list and contends the information "was found to be incorrect." Appellant did not deny the information at sentencing. (Doc. 24-2). Moreover, the exhibit cited in Appellant's brief (Exhibit 4) does not demonstrate the information is incorrect. (Doc. 22) at 14 (citing Exhibit 4). Exhibit 4 is the Border Patrol report titled Record of Deportable/Inadmissible Alien. (Doc. 22-3). It states:

"Field processing [was] performed under event STN2408000904," which "showed that [Appellant] was active on the terrorist watch list as a possible terrorist or for having terrorist affiliations." *Id.* at 3. Later in the same report, the Border Patrol agent states: "At the station, the subject was enrolled into the E-3/IDENT/NGI systems. Upon enrolling the subject, SHEHADA-Omar, returned as having no prior criminal and positive immigration history." *Id.* The later statements do not definitively correct the record or demonstrate that Appellant is not on the terrorist watchlist. *See Butler v. Hamilton,* 542 F.2d 835, 838 (10th Cir.1976) (The burden of demonstrating that facts are "erroneous is a heavy one, and appellants must point out specifically where" the facts are clearly erroneous). Hence, Appellant has not shown the Magistrate Judge relied on erroneous information to impose the sentence.

For all of these reasons, and in light of the deferential standard of review, the Court concludes the sentence is not unreasonable. Exercising jurisdiction under 18 U.S.C. § 3402, the Court denies the appeal.

_____
UNITED STATES DISTRICT JUDGE